ALTENBERND, Judge.
Randy Horace Kilpatrick appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He maintains the trial court should have conducted a more thorough hearing before allowing Mr. Kilpatrick to represent himself at a hearing on a violation of probation. We affirm because this issue could have been raised on direct appeal.
Mr. Kilpatrick was convicted of burglary, aggravated assault, and kidnapping, apparently arising from an episode of domestic violence in 1985. He appeared in circuit court on July 8, 1994, for a hearing on an alleged violation of probation. It was not the first time that the court had conducted a hearing on an alleged violation of probation in this case. At the hearing, the state maintained that Mr. Kilpatrick was not paying costs of supervision, and he had not attended required spouse-abuse counseling.
Mr. Kilpatrick was unrepresented by counsel. At the beginning of the hearing, the trial court advised him that “the first thing you have got to do is decide whether you think you need a lawyer to represent you.” Mr. Kilpatrick immediately responded by admitting that he had violated probation. The trial court again raised the issue of representation and asked Mr. Kilpatrick whether he knew that a lawyer would be appointed if he could not afford one. The record does not establish whether Mr. Kilpatrick had counsel appointed at any prior stage in the case. Mr. Kilpatrick admitted that he knew of his right to counsel and attempted to explain a justification for his violation. He was unsuccessful. The trial court imposed guidelines sentences, the longest of which was twelve years’ imprisonment.
At the conclusion of the hearing, the trial court advised Mr. Kilpatrick of his right to appeal within thirty days. The court explained that it would provide an appellate lawyer if Mr. Kilpatrick could not afford one. He did not request an attorney, or file an appeal on his own behalf. Eight months later, he filed his motion for postconviction relief.
From our record, we cannot determine whether this hearing was an initial Faretta hearing or a renewal offer of counsel at a subsequent stage in the case. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Jones v. State, 658 So.2d 122 (Fla. 2d DCA 1995). Under either circumstance, it is doubtful that the limited inquiry was sufficient to satisfy the requirements of Faretta. Nevertheless, Mr. Kilpa-trick was advised of his right to file a direct appeal. This issue is waived if it is not raised on direct appeal. Bundy v. State, 497 So.2d 1209 (Fla.1986).
Affirmed.
RYDER, A.C.J., and LAZZARA, J., concur.