663 So.2d 624 (1995)
Phillip Alexander ATKINS, Appellant,
v.
STATE of Florida, Appellee.
Phillip Alexander ATKINS, Appellant,
v.
Jerry HILL, Etc., Appellee.
Nos. 86893, 86882.
Supreme Court of Florida.
December 1, 1995.
*625 Bret B. Strand, Assistant CCR and Gail E. Anderson, Assistant CCR, Office of the Capital Collateral Representative, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Robert J. Landry, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Phillip Alexander Atkins, a death-row inmate under sentence of death and the Governor's death warrant, appeals an order denying collateral relief pursuant to Florida Rule of Criminal Procedure 3.850. He likewise appeals the trial court's denial of access to certain files sought under Florida public records law. We have jurisdiction. Art. V, § 3(b)(1, 7), Fla. Const.
The facts of the murder and procedural history are set forth in prior opinions involving the present conviction and sentence. Atkins v. Singletary, 622 So.2d 951 (Fla. 1993); Atkins v. Dugger, 541 So.2d 1165 (Fla. 1989); Atkins v. State, 497 So.2d 1200 (Fla. 1986); Atkins v. State, 452 So.2d 529 (Fla. 1984).
In this successive petition for collateral review, Atkins raises several claims. The first is that the state improperly withheld photographs showing the true severity of the injuries to the victim's head. Atkins now argues that the large deficit in the brain, if shown to the jury and explained by experts, might have established that a vehicle crushed the victim's head some time after he was left unconscious by Atkins. Counsel has submitted statements from experts arguing that the injury was consistent with such causation, among other possible explanations, though they agree that causation cannot now be conclusively determined.
The State notes that the photographs in question existed from the date of the pretrial autopsy, that defense counsel was told that autopsy photographs existed, and that the *626 evidence here thus was not withheld within the meaning of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). At argument, the State further noted that the photographs actually could have prejudiced Atkins' case by showing how severe the victim's injuries were, in light of the fact that Atkins had confessed to abducting and beating the child. Moreover, Atkins' appellate counsel candidly conceded at argument that his client still could have been found guilty under a felony-murder theory even if the massive brain injury had been caused by a vehicle.
Having reviewed the record, we hold first that this issue is procedurally barred because it should have been raised in prior collateral proceedings. Second, we find that even absent the procedural bar, there was no need for a hearing on Atkins' claim below because the motion, files, and records conclusively show he was entitled to no relief under Brady. The photographs were not withheld from him; their existence in fact was disclosed to trial counsel at the proper times. Third, even assuming a Brady violation occurred, we hold that the photographs lacked materiality under Brady because they could not possibly have affected the outcome of the trial, and indeed would have been likely to inflame jurors by showing the gruesome extent of the child-victim's injuries.[1]
Second, Atkins contends that his constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution were violated. This claim centers around Atkins' belief that the photographs described above would have provided exculpatory evidence that should have been tested in the adversarial process. For the reasons noted above, this claim is procedurally barred for failure to raise it in the prior collateral proceedings. Likewise, the photographs in question were not improperly withheld from Atkins. In a similar vein, Atkins argues that trial counsel was prejudicially deficient for failure to discover the existence of the photographs and use them at trial. This claim, too, is procedurally barred, since it should have been raised when Atkins previously alleged ineffectiveness of trial counsel. Moreover, the photographs clearly are not newly discovered evidence, which could lift the procedural bar, since their existence was known to trial counsel.
Third, Atkins contends that material witness statements and other documents were withheld from him, violating his constitutional rights and the dictates of Florida public records laws. Ch. 119, Fla. Stat. (1993). To the extent Atkins argues a constitutional violation, that claim is procedurally barred because it was or should have been raised in the prior collateral reviews of this case. We agree that the public records claim is not procedurally barred. Nevertheless, we have independently reviewed the materials in question and find (a) that they constitute notes of the State Attorney's investigations, and annotated photocopies of decisional law, both of which are exempt from public disclosure because they are not "public records," State v. Kokal, 562 So.2d 324, 327 (Fla. 1990), and (b) that in any event Atkins could not have been prejudiced by withholding of the materials in question because they were of no use to his defense and in fact tended to refute Atkins' theory of the case.
Fourth, Atkins argues that he is either innocent of first degree murder or is "innocent of the death sentence." We assume arguendo that this issue is not procedurally barred. At argument, Atkins' counsel agreed that his client could be found guilty of felony murder even if the photographs in question had been admitted into evidence and the fact finder had believed the child's head had been crushed by a vehicle. This is because, under such theory, Atkins' felonious conduct left the child unconscious and exposed in a location where this hypothetical injury then occurred. Moreover, the evidence below clearly was sufficient to support either premeditated or felony murder, either of which constitutes first-degree murder.
Likewise, we find that Atkins is not "innocent of death" because any construction of the evidence  either that presented at trial *627 or the speculative hypothesis Atkins now belatedly advances  shows this murder to be clearly death-eligible. For the same reason, we find nothing in the record establishing that the case for aggravation was insufficient or the death penalty disproportionate when compared with other similar cases.
Fifth, Atkins argues that Florida's procedural bars have rendered his sentence arbitrary and unconstitutional under the Eighth and Fourteenth Amendments. Procedural bars repeatedly have been upheld as valid where properly applied to ensure the finality of cases in which issues were or could have been raised. Such is the case here. Atkins has been given a chance in court on repeated occasions since his conviction to raise the issues we now find barred. Endless repetition of claims is not permitted.
Lastly, Atkins believes he was denied his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments in the way his executive clemency case was handled. Specifically, he believes error occurred because the trial judge below is a former law partner of the Governor. Assuming without deciding that we could intervene in the executive branch in such a manner, we hold that the bare claim of a prior law partnership, without more, does not establish a cognizable conflict of interest. The claim here alleges nothing more and thus is without merit.
For the reasons stated here, the trial court correctly determined that relief is not warranted. The decision below is affirmed.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.
NOTES
[1] Our holding on this point moots Atkins' related claim that his right of due process and the dictates of Rule of Criminal Procedure 3.850 were violated.