PER CURIAM.
Randolph Robinson challenges the trial court’s denial in part of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Only one of his claims merits attention, upon which we reverse.
Robinson had entered a plea to drug charges with the understanding he would be sentenced to fifteen years with five suspended. He alleges his plea was involuntary because his attorney advised him he would be sentenced to seven years. The transcript of the change-of-plea hearing belies this representation. Of interest, however, is the fact that his attorney failed to appear for the *1353 imposition of the negotiated sentence, at which point Robinson moved orally to "withdraw his plea. The trial court declined to vacate the plea and proceeded to sentencing according to the terms of that plea. No attorney was present, and no inquiry was made by the court whether Robinson wished to waive counsel at that stage of the proceedings.
Robinson filed a direct appeal to this court, raising three issues, including the absence of counsel at sentencing and the trial court’s refusal to allow him to withdraw his plea. Upon the state’s motion to dismiss the appeal because there had been no written motion to withdraw, this court dismissed the appeal without prejudice to allow him to pursue his motion to vacate his plea in the trial court, the denial of which is under review here. Robinson v. State, 659 So.2d 472 (Fla. 2d DCA 1995).
Review of sentencing hearings without the benefit of counsel or a valid waiver can be raised by rule 3.850 motion. Failure to raise it on plenary appeal, however, can act as a waiver. Kilpatrick v. State, 658 So.2d 1158 (Fla. 2d DCA 1995). Robinson, through no fault of his own, has been denied effective review of this issue by this court because his direct appeal was dismissed prematurely. In no sense can he be said at this juncture to have waived the claim by failing to raise it on plenary appeal.
As there is nothing in the record of the sentencing hearing which can be interpreted as a valid waiver of counsel, Robinson is entitled to a new sentencing hearing with counsel present.
Affirmed in part, reversed in part, and remanded for resentencing.
DANAHY, A.C.J., and CAMPBELL and WHATLEY, JJ., concur.