TORPY, J.
In this postconviction proceeding, Appellant raises one point on appeal — whether the lower court erred in summarily denying his Florida Rule of Criminal Procedure 3.850 motion because Appellant’s claim could have been raised on direct appeal. We affirm.
In his motion for postconviction relief, Appellant raised two Faretta[1] claims relating to the trial court’s denial of his request to represent himself. The trial court summarily denied the motion, ruling that these claims were procedurally barred because they could have been asserted in Appellant’s direct appeal. We agree. See Downs v. State, 740 So.2d 506, 509 n. 5 (Fla.1999) (trial court’s alleged failure to conduct adequate Faretta inquiry should have been challenged by direct appeal; rule 3.850 motion properly denied as procedurally barred); Bundy v. State, 497 So.2d 1209, 1210 (Fla.1986) (claim that defendant was denied proper Faretta hearing procedurally barred in rule 3.850 motion because it could have been raised in direct appeal); accord Raulerson v. State, 437 So.2d 1105 (Fla.1983); Kilpatrick v. State, 658 So.2d 1158 (Fla. 2d DCA 1995).
AFFIRMED.
SAWAYA, C.J., and ORFINGER, J., concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).