ROTHENBERG, Judge.
Jimmy Lee Harris appeals the denial of a rule 3.850(b) motion for postconviction relief. We affirm.
In the defendant’s present 3.850(b) motion, he raises two issues, which are essentially the same issue. First, he contends that there was no evidence at trial which showed that a deadly weapon was used during the commission of the sexual battery. Second, he contends that there was insufficient evidence presented at trial to establish that a deadly weapon was used during the commission of the sexual battery. As we conclude that this issue has been previously raised and rejected by this *1033 court, we affirm the trial court’s denial of the instant motion.
In his present 3.850 motion, the defendant summarizes the numerous postconviction motions which he has filed since 1978, and the disposition of each motion. He claims that on October 27, 2004, he filed a 3.800(a) motion, arguing, in part, that his sentence of thirty years in prison “at hard labor” was illegal as a matter of law, and that the evidence presented at trial was insufficient to support the trial court’s finding that he used a deadly weapon during the commission of the sexual battery. The trial court denied this motion, and the defendant appealed. On May 25, 2004, this court issued an opinion reversing the “hard labor” portion of his sentence, but affirming the remainder of the defendant’s 3.800 motion, finding that there was “no merit to appellant’s remaining challenges .... ” Harris v. State, 902 So.2d 292 (Fla. 3d DCA 2005). As it is clear that the issues raised in the defendant’s present motion have been previously addressed and rejected by this court, we affirm the trial court’s order denying the defendant’s present 3.850 motion. See Downs v. State, 740 So.2d 506, 518 n. 10 (Fla.1999)(claims raised in an earlier postconviction motion, are procedurally barred in subsequent postconviction motions); Atkins v. State, 663 So.2d 624, 626 (Fla.1995)(explaining that issues that were presented in a post-conviction motion cannot be relitigated in a subsequent postconviction motion).
Affirmed.