DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAMON OSCAR BAILEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1668

[November 12, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312016CF000062A.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Damon Bailey pled no contest to seventeen counts of possession of child pornography. As a part of a negotiated plea, Bailey was adjudicated guilty and sentenced to prison followed by a probationary term. He filed no direct appeals to that sentence. After his release from prison, he tested positive for marijuana and was charged with violating his probation. Bailey later decided to admit to the allegations in the violation of probation ("VOP") affidavit and enter an open plea to the court. He was then sentenced to eight years in prison for violating his probation. Now claiming the trial court failed to determine his competency at the VOP hearing, he appeals that sentence. We affirm.

At the VOP hearing, the trial court ensured that Bailey was entering into the open plea on his own accord and performed a thorough colloquy. Although not listed in Bailey's plea form for the underlying charges, the VOP plea form indicated that he had previously been diagnosed with bipolar disorder, depression, and ADHD. The court questioned him on whether his medications or his mental health issues interfered with his

decision making, and Bailey stated that they did not. The trial court accepted Bailey's plea and allowed him to present evidence regarding sentencing. After receiving an eight-year prison sentence, he now appeals for the first time the issue that the court made no finding regarding his competency before accepting his plea on the underlying pornography charges.

"The standard of review for determining whether a defendant is procedurally barred from obtaining relief is de novo." *Bain v. State*, 297 So. 3d 602, 603 (Fla. 4th DCA 2020).

On occasion, the law imposes procedural bars "to ensure the finality of cases in which issues were or could have been raised." *Atkins v. State*, 663 So. 2d 624, 627 (Fla. 1995). For example, defendants may be procedurally barred from raising a claim of error in a postconviction motion that should have been raised on direct appeal or in a previous postconviction motion. *See Hix v. State*, 881 So. 2d 586, 587 (Fla. 5th DCA 2004), *cause dismissed*, 894 So. 2d 970 (Fla. 2004) (stating that the defendant was procedurally barred from challenging trial court's *Faretta* inquiry in a postconviction motion because the challenge should have been raised on direct appeal); *see also Owen v. Crosby,* 854 So. 2d 182, 187 (Fla. 2003) (stating that defendants may be procedurally barred from raising claims they could have raised in a previous postconviction motion). Defendants may also be procedurally barred from appealing a probationary sentence if they do not file a direct appeal of that sentence. *See Bain*, 297 So. 3d at 603.

In *Bain*, the defendant entered into a plea agreement and was sentenced to five years of probation; however, the court never held a competency hearing and never officially determined that the defendant was competent to proceed after an issue of his competency was raised. *Id.* at 602-03. No direct appeal was taken after his plea. *Id.* at 603. The defendant later violated his probation twice and had it reinstated both times. *Id.* After the defendant's third violation, the trial court revoked his probation and sentenced him to prison. *Id.*

The defendant appealed his sentence, arguing for the first time that the trial court erred in failing to hold a competency hearing before he was initially sentenced to probation. *Id.* On appeal, this court held that the defendant was procedurally barred from raising the issue because he did not appeal his initial probationary sentence. *Id.* Instead of appealing that sentence, we noted that the defendant "accepted the benefits of the plea bargain and had his probation reinstated twice." *Id.*

2

Like the defendant in *Bain*, this is the first time that Bailey has raised an issue regarding his competence to be sentenced to probation. *See id.* He never raised the issue on direct appeal of his probationary sentence, and he did not raise the issue during the pendency of his VOP case. Thus, Bailey is procedurally barred from appealing his probationary sentence on these grounds. *See id.*; *see also Carroll v. State*, 815 So. 2d 601, 610 (Fla. 2002) (stating that a claim of incompetence can only be raised on direct appeal).

Bailey claims the trial court was aware of questions concerning his competence. When a trial court has reasonable grounds to question a defendant's competency it must hold a hearing and enter an order on competency. *See* Fla. R. Crim. P. 3.210(b); *see also Silver v. State,* 193 So. 3d 991, 993 (Fla. 4th DCA 2016) (stating that when a court appoints an expert it has reasonable grounds to question a defendant's competency). Although a defendant's lack of competence may vitiate a plea, *see Godinez v. Moran*, 509 U.S. 389, 396 (1993), the record does not indicate that Bailey was incompetent. Further, at the VOP hearing at issue, the trial court had no "reasonable grounds" to question Bailey's competence. *See Silver*, 193 So. 3d at 993; *Bruni v. State*, 293 So. 3d 1054, 1055 (Fla. 4th DCA 2020) (confirming that there were reasonable grounds to question the defendant's competence at a VOP hearing). Bailey's counsel for the VOP charges immediately filed a written denial of the allegations found in the VOP affidavit on Bailey's behalf. In that denial, counsel requested leave to file an insanity defense "should defense counsel deem said defense applicable." However, no insanity defense was ever proffered, and no examination under Florida Rule of Criminal Procedure 3.210(b) was ever requested.

The only evidence proffered by Bailey pertaining to his claim of incompetence at the time of the VOP hearing was his indication on the plea form that he had previously been diagnosed with bipolar disorder, depression, and ADHD and took Zoloft and Risperdal to deal with those issues. At the hearing, the trial court questioned Bailey rigorously to ensure that his medications and his mental health issues did not interfere with his decision making. When Bailey stated that they did not and that he understood the consequences of his decision to open plea, the trial court properly accepted his plea and sentenced him. Thus, the court's obligation to hold a competency hearing was never triggered. *Cf. Hawks v. State*, 226 So. 3d 892, 893 (Fla. 4th DCA 2017) (stating that a trial court's obligation to hold a hearing on competency is triggered when it appoints an expert). Therefore, we affirm on all issues.

*Affirmed.*

3

LEVINE, C.J., and CONNER, J., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***