490 So.2d 1258 (1986)
Theodore Robert BUNDY, Appellant,
v.
STATE of Florida, Appellee.
No. 68976.
Supreme Court of Florida.
June 30, 1986.
James E. Coleman, Jr. and Polly J. Nelson of Wilmer, Cutler & Pickering, Washington, D.C., for appellant.
Jim Smith, Atty. Gen. and Gregory Costas, Andrea Smith Hillyer and Raymond L. Marky, Asst. Attys. Gen., Tallahassee, for appellee.
BOYD, Chief Justice.
Theodore Robert Bundy appeals the denial of his motion to vacate judgment and sentence. Bundy is a state prisoner under sentence of death and a warrant ordering that the sentence be carried out.[*] This Court's previous affirmance of appellant's convictions and sentences determined that the evidence was legally sufficient to prove guilt, that all of appellant's contentions made there regarding the convictions and sentences were without merit, and that the sentences of death were proper under the law. Bundy v. State, 455 So.2d 330, 336, *1259 349, 350 (Fla. 1984). None of these determinations are now subject to being re-litigated. The burden is on the appellant to establish that he is entitled to have the judgments or sentences set aside. We find that he has not carried that burden. We therefore affirm the trial court's denial of post-conviction relief.
Appellant's motion presents four contentions: (1) that the trial court erred by failure to conduct a full and fair inquiry into appellant's competency to stand trial; (2) that appellant was denied the right to effective assistance of counsel; (3) that the state failed to properly preserve evidence that could possibly have been exculpatory; (4) that imposition of the death penalty in this case violates the eighth amendment on the ground that application of capital punishment in Florida is arbitrary.
Appellant's first contention is without merit because in fact there was a proper competency hearing. We reject the second contention because appellant has failed to show any deficiency of performance on the part of his trial counsel. The third contention is one that was known to the defendant at trial and therefore could have been raised at trial and on appeal but cannot be considered now. The fourth contention is one that has been rejected many times by this Court.
The trial court's denial of the motion to vacate is affirmed. The motion for stay of execution is denied.
It is so ordered.
*1260 OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BARKETT, J., dissents with an opinion.
NO MOTION FOR REHEARING WILL BE ALLOWED.
BARKETT, Justice, dissenting.
For the reasons expressed in my concurring opinion in Bundy v. State, 490 So.2d 1257 (Fla. 1986), and because I do not feel the trial court's order comports with the requirements of Florida Rule of Criminal Procedure 3.850, I respectfully dissent.
NOTES
[*] Bundy was convicted of two first-degree murders that were committed in Tallahassee in January, 1978. His convictions and sentences of death were affirmed on appeal by this Court. Bundy v. State, 455 So.2d 330 (Fla. 1984). Bundy was also convicted and sentenced to death for a murder that occurred in Lake City in February, 1978. Conviction and sentence were affirmed by this Court. Bundy v. State, 471 So.2d 9 (Fla. 1985). The current death warrant on Bundy indicates that the sentences for the Tallahassee murders are to be carried out.