497 So.2d 1209 (1986)
Theodore Robert BUNDY, Appellant,
v.
STATE of Florida, Appellee.
Theodore Robert BUNDY, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., et al., Respondents.
Nos. 69615, 69616.
Supreme Court of Florida.
November 17, 1986.
*1210 Polly J. Nelson and James E. Coleman, Jr. of Wilmer, Cutler & Pickering, Washington, D.C., for appellant/petitioner.
Jim Smith, Atty. Gen., and Raymond L. Marky, Mark C. Menser and John Koenig, Jr., Asst. Attys. Gen., Tallahassee, for appellee/respondents.
ADKINS, Justice.
Theodore Robert Bundy, a convicted murderer who is scheduled for execution November 18, 1986, appeals the trial court's denial of his motion for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850 and his application for a stay of execution, and petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. We affirm the trial court's order, finding no basis on which to grant relief, deny the stay of execution, and deny the petition for habeas corpus.
The facts of this case and the issues raised on direct appeal are contained in this Court's decision of Bundy v. State, 471 So.2d 9 (Fla. 1985), cert. denied, ___ U.S. ___, 107 S.Ct. 295, 93 L.Ed.2d 269 (1986). In seeking relief under Florida Rule of Criminal Procedure 3.850, appellant challenges the validity of his conviction and sentence of death on the grounds that 1) he was denied a full and fair hearing on his competency to stand trial; 2) he was denied the counsel of his choice; 3) he received ineffective assistance of counsel; 4) he was denied a proper Faretta hearing, as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), prior to being allowed to represent himself; 5) the death penalty in Florida is arbitrarily imposed and therefore violates the eighth and fourteenth amendments; and 6) he was unconstitutionally denied a clemency hearing in this case.
We find that the first claim could have been raised on direct appeal, as it was in Scott v. State, 420 So.2d 595 (Fla. 1982), and Lane v. State, 388 So.2d 1022 (Fla. 1980), and is therefore not now properly before this Court for further consideration. Alvord v. State, 396 So.2d 184 (Fla. 1981); Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).
The second claim could have been raised on direct appeal, as it indeed was in Bundy v. State, 455 So.2d 330 (Fla. 1984), cert. denied, ___ U.S. ___, 106 S.Ct. 1958, 90 L.Ed.2d 366 (1986), and is therefore now barred from consideration.
We find the claim of ineffective assistance insubstantial. Appellant, fully advised by the trial court of the availability of appointed counsel, chose to represent himself. As noted by the United States Supreme Court in Faretta v. California, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975), "whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of `effective assistance of counsel.'" Further, we have carefully examined the allegations charging inadequacies in the performance of associate counsel, and find that such allegations fail to show the necessity for an evidentiary hearing. The claim therefore fails even the first prong of the test for ineffective assistance set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
We find that appellant's fourth claim could have been raised on direct appeal and is therefore barred from consideration. Even if we were to examine the claim, however, we would find it lacking in substance. The trial court conducted an inquiry into appellant's ability to act as his own counsel prior to allowing him to represent himself, and during this inquiry appellant himself alerted the trial court to the teachings of Faretta. We may not now reverse the trial court's finding of appellant's ability to pursue his own representation.
Next, we once again reject the claim that the death penalty is unconstitutionally imposed in Florida. Bundy v. State, 490 So.2d 1258 *1211 (Fla. 1986); State v. Washington 453 So.2d 389 (Fla. 1984).
In the final claim raised under his 3.850 motion, appellant contends that he must be allowed time to prepare and present an application for executive clemency before sentence may be carried out in this case. In the death warrant authorizing appellant's execution, the governor attests to the fact that "it has been determined that Executive Clemency, as authorized by Article IV, Section 8(a), Florida Constitution, is not appropriate." It is not our prerogative to second-guess the application of this exclusive executive function. First, the principle of separation of powers requires the judiciary to adopt an extremely cautious approach in analyzing questions involving this admitted matter of executive grace. Sullivan v. Askew, 348 So.2d 312 (Fla.), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 159 (1977). As noted in In re Advisory Opinion of the Governor, 334 So.2d 561, 562-63 (Fla. 1976), "[t]his Court has always viewed the pardon powers expressed in the Constitution as being peculiarly within the domain of the executive branch of government." See also Ex Parte White, 131 Fla. 83, 178 So. 876 (1938).
Second, the governor and cabinet held an earlier clemency hearing in relationship to appellant's conviction for the Tallahassee murders and found no basis on which to grant him relief. We cannot say that the executive branch was required to go through the motions of holding a second proceeding when it could well have properly determined in the first that appellant was not and never would be a likely candidate for executive clemency.
We next turn to Bundy's petition for writ of habeas corpus. Petitioner charges ineffectiveness of appellate counsel in their failure to challenge on appeal 1) the trial court's refusal to admit petitioner's choice of counsel pro hac vice, 2) the court's failure to conduct an adequate Faretta inquiry, and 3) the court's failure to conduct an inquiry into the defendant's competence to stand trial. We have found each of the issues utterly without merit, and can therefore find no deficiency in appellate counsels' failure to raise them.
Accordingly, we deny the petition for writ of habeas corpus. The trial court's denial of the motion to vacate appellant's conviction and sentence is affirmed. The application for stay of execution is denied.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.