626 So.2d 160 (1993)
John Richard MAREK, Petitioner,
v.
Harry K. SINGLETARY, etc., Respondent.
No. 80351.
Supreme Court of Florida.
September 2, 1993.
Rehearing Denied November 17, 1993.
*161 Michael J. Minerva, Interim Capital Collateral Representative, and Martin J. McClain, Chief Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
John Richard Marek, a prisoner under sentence of death, petitions this court for a writ of habeas corpus. This is Marek's second petition for habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. For the reasons expressed, we deny the petition.
Marek was found guilty of first-degree murder, kidnapping with intent to commit a sexual battery, attempted burglary, and two counts of battery. The jury recommended death by a vote of ten to two. The trial judge, finding four aggravating circumstances and no mitigating circumstances, sentenced Marek to death. This Court affirmed Marek's convictions and sentences, including the death penalty, in Marek v. State, 492 So.2d 1055 (Fla. 1986).
Subsequently, in postconviction proceedings, this Court granted Marek a stay of execution to allow Florida courts sufficient time to address the twenty-two issues raised in his first motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In addressing the issues Marek raised in his first rule 3.850 motion, the trial judge expressly addressed Marek's assertion that his contemporaneous kidnapping conviction could not be considered as a prior violent felony aggravating circumstance. The trial judge found that this claim had merit, stating:
This Court finds that this aggravating circumstance must be stricken in light of the Florida Supreme Court's latest pronouncement in Lamb v. State [532 So.2d 1051 (Fla. 1988)] and Perry v. State, 522 So.2d 817 (Fla. 1988). However, Marek's sentence of death is still valid where the remaining three aggravating factors were proven beyond a reasonable doubt and upheld on direct appeal and where there were and are no mitigating circumstances applicable to Marek.
The trial judge also rejected Marek's other claims and denied the rule 3.850 motion. Marek then filed a petition for a writ of *162 habeas corpus with this Court as well as an appeal from the judge's denial of his rule 3.850 motion. We agreed with the trial judge and affirmed the denial of relief and denied the petition for habeas corpus. Marek v. Dugger, 547 So.2d 109 (Fla. 1989).
In this second petition for habeas corpus relief, Marek asserts that Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), and Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992), constitute a change of law which permits a challenge to jury instructions in postconviction proceedings and defeats any assertion of a procedural bar by the state. We disagree. We have previously disposed of this issue contrary to Marek's position and no further discussion is necessary. See Turner v. Dugger, 614 So.2d 1075 (Fla. 1992); Ragsdale v. State, 609 So.2d 10 (Fla. 1992).
With regard to Marek's claim concerning the use of his contemporaneous kidnapping conviction as an aggravating factor, we find that this issue was previously disposed of by this Court in Marek v. Dugger and is procedurally barred. Furthermore, we agree with the State that the reading of the instruction on kidnapping as an aggravating circumstance could not have affected the jury's recommendation and that any error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). We note that the jury found Marek guilty of kidnapping prior to receiving the instruction on kidnapping as an aggravating circumstance in the penalty phase. Consequently, even without the instruction, the jury would still have had all the information concerning Marek's conduct in regard to the kidnapping.
Next, Marek argues that the jury received a constitutionally inadequate instruction with regard to the heinous, atrocious, or cruel aggravating factor. Because Marek failed to object to this instruction on vagueness grounds during the trial, we find that this issue was not preserved for appellate review and is procedurally barred. See Turner; Ragsdale. Were we to address this issue on the merits, we would find that the reading of the defective instruction also would not have affected the jury's recommendation and that any error was harmless beyond a reasonable doubt. See DiGuilio. The record reflects that
the victim was terrorized for at least three (3) hours prior to her death. The victim was abducted late at night by Marek and Wigley. During the ordeal, she was beaten severely, stripped naked and dragged into a deserted lifeguard tower during the early morning darkness. Her pubic hair was burned and she was choked and strangled to death. The physical and mental torture would have had to make her realize the great propensity that she was going to be killed. Watching her killer choke the life from her for at least thirty (30) seconds before she lost consciousness would only add to her terror.
The evidence presented at trial clearly established the "heinous, atrocious, or cruel" aggravating factor. We find that, regardless of the instruction given, the jury would have recommended and the trial judge would have imposed the same sentence. See Thompson v. State, 619 So.2d 261 (Fla. 1993); Slawson v. State, 619 So.2d 255 (Fla. 1993).
Marek also asserts that

every felony murder would involve, by necessity, the finding of a statutory aggravating circumstance, a fact which, under the particulars of Florida's statute, violates the eighth amendment. This is so because an automatic aggravating circumstance is created, one which does not "genuinely narrow the class of persons eligible for the death penalty," Zant v. Stephens, 462 U.S. 862, 876, 103 S.Ct. 2733, 2742, 77 L.Ed.2d 235 (1983), and one which therefore renders the sentencing process unconstitutionally unreliable.
Marek presented the same claim in his prior rule 3.850 motion. We again find that this claim is procedurally barred because it was not raised at trial or on direct appeal. Marek's final claim concerning the pecuniary gain aggravating factor jury instruction is also procedurally barred because it was not preserved for appellate review.
In summary, we find that none of the claims raised in this successive petition justifies *163 relief and we, therefore, deny Marek's petition for a writ of habeas corpus.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.