992 So.2d 218 (2008)
Robert Beeler POWER, Appellant,
v.
STATE of Florida, Appellee.
No. SC07-1139.
Supreme Court of Florida.
September 25, 2008.
*219 Neal A. Dupree, Capital Collateral Regional Counsel, Rachel Day, and Paul E. Kalil, Assistant CCR Counsel, and Anna-Liisa Nixon, Staff Attorney, CCRC Southern Region, Fort Lauderdale, FL, for Appellant.
Bill McCollum, Attorney General, Tallahassee, Florida, and Barbara C. Davis, Assistant Attorney General, Daytona Beach, FL, for Appellee.
PER CURIAM.
Robert Beeler Power appeals an order of the circuit court denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons explained below, we affirm the circuit court's decision summarily denying relief.

PROCEEDINGS TO DATE
On June 2, 1990, Power was convicted of first-degree murder, sexual battery, kidnapping of a child under the age of thirteen, armed burglary of a dwelling, and armed robbery. Power v. State (Power I), 605 So.2d 856, 860 (Fla. 1992). On November 8, 1990, the circuit court followed the jury's unanimous recommendation and sentenced Power to death finding no mitigating circumstances and four aggravating factors. Id.[1] On direct appeal, Power raised claims of error in his guilt and penalty phases, including error in finding that the murder was committed in a CCP manner. Id. at 864. Although we found that the application of the CCP aggravating factor was error, we concluded such error was harmless and affirmed Power's convictions and sentences. Id. at 864-65.
In November 1998, Power filed a postconviction motion in which he raised numerous claims. Power v. State (Power II), 886 So.2d 952, 955 (Fla.2004). This Court affirmed the denial for postconviction relief and denied his petition for writ of habeas corpus. Id. at 965. In December 2006, Power filed a successive postconviction motion raising four constitutional challenges to Florida's death penalty scheme, which the circuit court summarily denied in its entirety. Power now appeals the summary denial of postconviction relief to this Court.

*220 ANALYSIS
We have explained that "[c]laims in successive motions may be denied without an evidentiary hearing `[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief.'" White v. State, 964 So.2d 1278, 1284 (Fla.2007) (quoting Fla. R.Crim. P. 3.851(f)(5)(B)). Because a court's decision whether to grant an evidentiary hearing on a rule 3.851 motion is ultimately based on written materials before the court, its ruling is tantamount to a pure question of law, subject to de novo review. See State v. Coney, 845 So.2d 120, 137 (Fla.2003). We address each of Power's claims in turn.
First, Power argued at the circuit court that section 922.105, Florida Statutes (2006), violates the separation of powers doctrine. Power asserted that the Legislature's exemption of lethal injection policies and procedures from the Administrative Procedures Act, chapter 120, Florida Statutes (2006), without offering alternative procedures, gives the Department of Corrections (DOC) unfettered discretion to create a lethal injection protocol. Power correctly acknowledges that in Diaz v. State, 945 So.2d 1136 (Fla.2006), we rejected this argument. Specifically, we held,
Even though the execution procedures may not be challenged through a chapter 120 proceeding, they can and have been challenged through postconviction proceedings under rule 3.851. See, e.g., Hill v. State, 921 So.2d 579, 582-83 (Fla.), cert. denied, 546 U.S. 1219, 126 S.Ct. 1441, 164 L.Ed.2d 141 (2006). In light of the exigencies inherent in the execution process, judicial review and oversight of the DOC procedures is preferable to chapter 120 administrative proceedings. We conclude that the statutory exemption does not give DOC "unfettered discretion" as to lethal injection procedures.
Diaz, 945 So.2d 1143-44; see also Sims v. State, 754 So.2d 657, 668 (Fla.2000) ("We likewise conclude that [sections 922.10 and 922.105, Florida Statutes (2000),] do[ ] not improperly delegate legislative authority to an administrative agency."). We hold, therefore, that the circuit court did not err in summarily denying this claim.[2]
Second, Power argued at the circuit court that Florida's lethal injection procedures are unconstitutional because it violates the Eighth Amendment's prohibition on cruel and unusual punishment. He asserted that the new procedures promulgated by the DOC, effective August 1, 2007 (August 2007 procedures), do not adequately address the deficiencies in the 2006 procedures. Specifically, he argued that provisions for the administration of the drugs, the assessment of consciousness, and the monitoring of consciousness throughout the procedure remain inadequate. We recently addressed and rejected the same constitutional challenge in Lightbourne v. McCollum, 969 So.2d 326 (Fla.2007), wherein we held that "[i]n light of these additional safeguards [promulgated in the August 2007 procedures,] ... we conclude that Lightbourne has not shown a substantial, foreseeable or unnecessary risk of pain in the DOC's procedures for carrying out the death penalty through lethal injection that would violate the Eighth Amendment protections." Id. at 352-53, cert. denied, ___ U.S. ___, 128 S.Ct. 2485, 171 L.Ed.2d 777 (2008); see also Schwab v. State, 969 So.2d 318, 325 (Fla.2007), cert. denied, ___ U.S. ___, 128 S.Ct. 2486, 171 L.Ed.2d 777 (2008).[3] Power *221 does not assert that he would have presented any additional testimony or other evidence regarding the lethal injection procedures than those presented in Lightbourne or Schwab. Furthermore, Power relies upon no new evidence as to the chemicals employed since this Court's previous rulings rejecting this challenge. As this Court stated in Schwab, "Given the record in Lightbourne and our extensive analysis in our opinion in Lightbourne ... we reject the conclusion that lethal injection as applied in Florida is unconstitutional." 969 So.2d at 325. We hold, therefore, that the circuit court did not err in summarily denying this claim.
Third, Power argued at the circuit court that he is exempt from execution under the Eighth Amendment because he suffers from severe mental illness. The circuit court held that this claim was procedurally barred as untimely and successive. Power unsuccessfully attempted to avoid the timeliness bar by citing, as newly discovered evidence, the August 8, 2006, American Bar Association (ABA) Resolution 122A. As to the merits, the circuit court held that neither this Court nor the United States Supreme Court has recognized mental illness as a per se bar to execution.
To vacate a sentence based on newly discovered evidence, a defendant must meet two requirements. See Fla. R.Crim. P. 3.851(d)(2)(A); Jones v. State, 709 So.2d 512, 521 (Fla.1998). First, the evidence must not have been known by the circuit court, the party, or counsel, and it must appear that the defendant or defense counsel could not have known of it by the use of due diligence. Jones, 709 So.2d at 521 (citing Torres-Arboleda v. Dugger, 636 So.2d 1321, 1324-25 (Fla.1994)). Second, the evidence must be of such nature that it would probably yield a less severe sentence. See Jones v. State, 591 So.2d 911, 915 (Fla.1991).
Initially, we note that we have been reluctant to recognize ABA reports as newly discovered evidence because the reports are "a compilation of previously available information related to Florida's death penalty system and consist [ ] of legal analysis and recommendations for reform, many of which are directed to the executive and legislative branches." Rutherford v. State, 940 So.2d 1112, 1117 (Fla. 2006), cert. denied, ___ U.S. ___, 127 S.Ct. 465, 166 L.Ed.2d 331 (2006); see Schwab, 969 So.2d 325-26 ("[T]his Court has not recognized `new opinions' or `new research studies' as newly discovered evidence." (citing Diaz, 945 So.2d at 1144-45)); Rolling v. State, 944 So.2d 176, 181 (Fla.2006) (affirming summary denial of a newly discovered evidence claim based on an ABA report). Nevertheless, as we stated in Rutherford, "even if we were to consider the information contained in the ABA Report, nothing therein would cause this Court to recede from its decisions upholding the facial constitutionality of the death penalty." 940 So.2d at 1118. Similarly, Power has failed to demonstrate how ABA Resolution 122A sufficiently undermines this Court's decisions upholding the facial constitutionality of the death penalty so as to cause this Court to recede from those decisions. Thus, Power has failed to establish how ABA Resolution 122A would probably yield a less severe sentence under Florida law.
Having failed to establish that ABA Resolution 122A constitutes newly discovered *222 evidence, Power has also failed to demonstrate why he could not have timely challenged Florida's death penalty scheme on the basis of the matters discussed in the ABA resolution in his direct appeal or even in his initial postconviction motion. Muhammad v. State, 603 So.2d 488, 489 (Fla. 1992) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack." (citing Smith v. State, 445 So.2d 323, 325 (Fla.1983))); Harvey v. Dugger, 656 So.2d 1253, 1256 (Fla.1995). Indeed, his allegations refer to testimony regarding his mental illness presented at the 2001 evidentiary hearing for his initial postconviction motion. We hold, therefore, that the circuit court did not err in summarily denying this claim as untimely.
In an abundance of caution, we also note that we have previously determined that Power's claim has no merit. In Diaz, the defendant cited ABA Resolution 122A, arguing that his personality disorders were sufficiently akin to being mentally retarded so as to exempt him from execution. 945 So.2d at 1151. We held:
[N]either this Court nor the Supreme Court has recognized mental illness as a per se bar to execution. Instead, mental illness can be considered as either a statutory mental mitigating circumstance if it meets that definition (i.e., the crime was committed while the defendant "was under the influence of extreme mental or emotional disturbance") or a nonstatutory mitigating circumstance. See § 921.141(6), Fla. Stat. (2006). Such mental mitigation is one of the factors to be considered and weighed by the court in imposing a sentence.
Id. Although Diaz was not able to show that he suffered from mental illness, we held that "even if he could, this would not automatically exempt him from execution as there is currently no per se `mental illness' bar to execution." Id. at 1152; see also Connor v. State, 979 So.2d 852, 867 (Fla.2007) ("To the extent that Connor is arguing that he cannot be executed because of mental conditions that are not insanity or mental retardation, the issue has been resolved adversely to his position." (citing Diaz, 945 So.2d at 1151)). We reaffirm our previous declaration in Diaz and hold that the existence of mental illness standing alone does not automatically exempt Power from execution.[4]
Finally, Power argued at the circuit court that the ABA report entitled Evaluating Fairness and Accuracy in the State Death Penalty System: The Florida Death Penalty Assessment Report, published September 17, 2006, constitutes newly discovered evidence proving that imposition of the death penalty is cruel and unusual punishment in violation of the Eighth Amendment. Power correctly and candidly acknowledges that we rejected this argument in Rolling and Rutherford. In both cases, we concluded that this very same ABA report did not constitute newly discovered evidence and that "nothing in the report would cause this Court to recede from its past decisions upholding the facial constitutionality of the death penalty." Rolling, 944 So.2d at 181 (citing Rutherford, 940 So.2d at 1118). Furthermore, as in Rolling and Rutherford, Power has "not allege[d] how any of the conclusions in the report would render his individual death sentence unconstitutional." Rolling, 944 So.2d at 181; see also Rutherford, *223 940 So.2d at 1118. For these same reasons, we affirm the circuit court's summary denial of Power's claim.
Accordingly, for the reasons set out above we affirm the trial court's summary denial of Power's successive postconviction motion.
It is so ordered.
QUINCE, C.J., WELLS, ANSTEAD, PARIENTE, LEWIS, and BELL, JJ., and CANTERO, Senior Justice, concur.
NOTES
[1] The court found in aggravation that (1) the defendant was previously convicted of a felony involving the use or threat of violence; (2) the homicide was committed while the defendant was engaged in the commission of the crimes of sexual battery, burglary, and kidnapping; (3) the homicide was especially heinous, atrocious, or cruel (HAC); and (4) the homicide was committed in a cold, calculated, and premeditated (CCP) manner without any pretense of moral or legal justification. Power I, 605 So.2d at 860.
[2] We also note that we have rejected this argument in Smith v. State, No. SC06-1903, ___ So.2d ___, 2008 WL 4355404 (Fla. Sept. 25, 2008).
[3] The United States Supreme Court denied certiorari review in these cases following release of Baze v. Rees, ___ U.S. ___, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), in which a majority of the Court upheld the constitutionality of Kentucky's lethal injection protocol against an Eighth Amendment challenge. Id. at 1534.
[4] To the extent that Power alleges that his mental illness renders him incompetent to be executed, this claim is not yet ripe, as he was told in his initial postconviction appeal. Power II, 886 So.2d at 958; see also Barnhill v. State, 971 So.2d 106, 118 (Fla.2007); Coney, 845 So.2d at 137 n. 19; Jones v. State, 845 So.2d 55, 74 (Fla.2003); Hall v. Moore, 792 So.2d 447, 450 (Fla.2001).