# Supreme Court of Florida

_____

No. SC17-1146
_____

**LEONARD P. GONZALEZ, JR.,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

September 13, 2018

PER CURIAM.

This case is before the Court on appeal from an order partially denying a motion to vacate a judgment of conviction of first-degree murder and a sentence of death under Florida Rule of Criminal Procedure 3.851. Because the order concerns postconviction relief from a capital conviction for which a sentence of death was imposed, we have jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution.

## FACTS

Leonard Patrick Gonzalez, Jr., was convicted for the July 9, 2009, murders of Byrd and Melanie Billings. The underlying facts of these murders were

provided in our opinion on direct appeal. *See Gonzalez v. State*, 136 So. 3d 1125, 1135-39 (Fla. 2014). After the jury returned a guilty verdict, the case proceeded to its penalty phase and the jury recommended sentences of death for both murders by a vote of ten to two. *Id.* at 1139. We affirmed Gonzalez's convictions and sentences on direct appeal. *Id.* Thereafter, Gonzalez filed his initial motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.851, which he later amended to include a claim for relief pursuant to *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016). The postconviction court summarily denied relief on two of Gonzalez's claims but granted a new penalty phase based on his *Hurst* claim. This is his appeal.

## DISCUSSION

Gonzalez raises two claims in his appeal: (1) ineffective assistance of counsel for failing to renew his motion for change of venue and (2) ineffective assistance of counsel for failing to challenge the indictment. In a motion governed by rule 3.851, where a defendant makes a facially sufficient claim that requires a factual determination, the circuit court must hold an evidentiary hearing. *See Mann v. State*, 112 So. 3d 1158, 1161 (Fla. 2013). Nevertheless, "claims may be summarily denied when they are legally insufficient, should have been brought on direct appeal, or are positively refuted by the record." *Id.* (quoting *Marek v. State*,

8 So. 3d 1123, 1127 (Fla. 2009)). A circuit court's decision whether to grant an evidentiary hearing is reviewed de novo. *Id.* at 1162.

A successful claim for ineffective assistance of counsel must prove that: (1) counsel's performance was deficient and (2) the deficiency prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 688 (1984); *Rutherford v. State*, 727 So. 2d 216 (Fla. 1998). To establish deficiency, a defendant must show a specific act or omission by counsel that falls "outside the broad range of reasonably competent performance under prevailing professional standards." *Maxwell v Wainwright*, 490 So. 2d 927, 932 (Fla. 1986). The act or omission must constitute an error "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Additionally, the defendant must overcome the strong presumption that trial counsel's performance was not ineffective and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

To establish prejudice, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* "Mere speculation is not sufficient to form the basis for postconviction relief."

*Ellerbee v. State*, 232 So. 3d 909, 918 (Fla. 2017) (citing *Derrick v. State*, 983 So. 2d 443, 462 (Fla. 2008)).

In his first issue on appeal, Gonzalez argues that the postconviction court erred by summarily denying his claim that trial counsel was ineffective for failing to properly argue the motion for change of venue. Because the record positively refutes Gonzalez's claim, the lower court properly summarily denied this claim.

Florida law provides that a defendant is permitted to move for a change of venue when a fair and impartial trial cannot be had for any reason other than the prejudice of the trial judge. *See Ellerbee*, 232 So. 3d at 919 (quoting Fla. R. Crim. P. 3.240). To determine whether a change of venue is proper, the trial court must consider: "(1) the extent and nature of any pretrial publicity and (2) the difficulty encountered in actually selecting a jury." *Griffin v. State*, 866 So. 2d 1, 12 (Fla. 2003). When considering the second prong, the court must consider "whether any difficulty encountered in selecting a jury . . . reflected a pervasive community bias against [the defendant] which so infected the jury selection process that it was impossible to seat an impartial jury." *Rolling v. State*, 695 So. 2d 278, 287 (Fla. 1997). "[I]f prospective jurors can assure the court during voir dire that they are impartial despite their extrinsic knowledge, they are qualified to serve on the jury, and a change of venue is not necessary." *Id.* at 285 (citing *Davis v. State*, 461 So. 2d 67, 69 (Fla. 1984)).

In cases where a defendant alleges ineffective assistance of trial counsel for failing to move for a change a venue, we have stated:

> [T]he defendant "must, at a minimum, 'bring forth evidence demonstrating that the trial court would have, or at least should have, granted a motion for change of venue if [defense] counsel had presented such a motion to the court.' " *Dillbeck v. State,* 964 So. 2d 95, 104 (Fla. 2007) (quoting *Wike v. State,* 813 So. 2d 12, 18 (Fla. 2002)); *see also Taylor v. State,* 120 So. 3d 540, 551 (Fla. 2013), *cert. denied,* ⸺ U.S. ⸺, 134 S. Ct. 1009 (2014).

*Carter v. State*, 175 So. 3d 761, 776 (Fla. 2015). Logic dictates, then, that where trial counsel did move for a change of venue and was denied, a defendant cannot demonstrate that the trial court would have granted the motion. Furthermore, Gonzalez has not presented evidence that demonstrates that the trial court should have granted the motion.

Gonzalez's motion and his initial brief focus on what he terms "the inflammatory media coverage" within Escambia County surrounding the crime. He alleges that counsel's motion for change of venue was inadequate because it did not inform the court of the inflammatory and prejudicial nature of the coverage. Gonzalez complains that by having the trial court take judicial notice of the coverage rather than bring in the articles and reports, trial counsel "effectively abandoned any realistic hope of obtaining a change of venue." Finally, Gonzalez alleges that the cursory voir dire was insufficient to determine whether the jurors lacked prejudice and could be fair and impartial.

Other than the general allegation that voir dire was "cursory," Gonzalez does not point to a specific biased juror who served, nor does Gonzalez specifically allege which juror, if any, was not properly rehabilitated during voir dire or, failing that, that Gonzalez was unable to strike either for cause or by using one of his peremptory strikes. The record before this Court demonstrates that trial counsel provided prospective jurors with a questionnaire inquiring, among other things, about their exposure to pretrial publicity.[1] Members of the venire who responded that they were familiar with the publicity were asked if they could set it aside and consider only the evidence presented during the trial. Two prospective jurors who indicated they could not set aside what they had heard or read were excused for cause. Once the jury selections were completed, Gonzalez was asked personally if he was satisfied with the jury as selected and he replied affirmatively. Accordingly, the record reflects that Gonzalez was able to select a fair and impartial jury and the trial court would not likely have granted a renewed motion for change of venue at that time.

Because the record positively refuted Gonzalez's claim, the postconviction court properly summarily denied his claim. Gonzalez's argument amounts to a

---

1. Specifically, the venire was asked: (1) "Have you seen, heard, or read anything about the killing of Byrd Billings or Melanie Billings at [their address] on or about July 9, 2009?"; (2) "What have you heard or read?"; (3) "Did you form an opinion about the case? Please explain."

second-guessing of counsel's argument on the motion for change of venue, but the record demonstrates that counsel presented a cogent argument that was carefully considered by the trial court. Further, Gonzalez has not alleged that the jury that was impaneled was biased. Therefore, he cannot demonstrate that counsel's failure to secure the change of venue constituted ineffective assistance of trial counsel.

In his second issue on appeal, Gonzalez alleges ineffective assistance of trial counsel for failing to challenge his indictment based on the alleged interference of the grand jury by Sheriff Morgan. The postconviction court summarily denied this claim, finding it insufficiently pleaded because the claim was based purely on speculation. While this Court may conclude that any speculation regarding Sheriff Morgan's practice of greeting prospective jurors could have been clarified in an evidentiary hearing, Gonzalez failed to allege a legally sufficient claim that such a practice would entitle him to relief.

The grand jury issued its indictment on Tuesday, August 11, 2009. Gonzalez asserts that defense counsel had a good faith basis to believe that Sheriff Morgan greeted the members of the grand jury because Sheriff Morgan's practice on Mondays and Tuesdays was to greet prospective jurors at the parking lot where they are directed to park and greet them by giving them his business card and thanking them for appearing.

The State asserts that in addition to Gonzalez's claim being speculative, defense counsel would have had no legal basis to object to an already empaneled grand jury because Florida law provides that such a challenge may be made only on the ground that the grand jurors were not selected according to law. *See Seay v. State*, 286 So. 2d 532, 535 (Fla. 1973).

Gonzalez's reliance on this Court's decision in *Rudd v. State ex rel. Christian*, 310 So. 2d 295 (Fla. 1975), which held that an indictment should be set aside when a state attorney or his or her assistants should in any way attempt to influence the findings of a grand jury other than presenting evidence and rendering legal advice, is misplaced. *Christian*, which considers the propriety of a state attorney's or assistant state attorney's attempts to influence a grand jury, does not apply to Sheriff Morgan, who is neither a state attorney nor an assistant state attorney.

Further, as we provided in *Seay*, Florida Statutes are explicit that "[a] challenge or objection to the grand jury may not be made after it has been empaneled and sworn." *Seay*, 286 So. 2d at 535 (quoting section 905.05, Florida Statutes (1973)). Gonzalez has not alleged a legal basis for trial counsel to have challenged the indictment or the grand jury and, therefore, the postconviction court properly summarily denied his claim as legally insufficient.

For the foregoing reasons, we affirm the postconviction court's summary denial of Gonzalez's claims.

It is so ordered.

PARIENTE, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., and LEWIS, J., concur in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Escambia County,
    Nickolas P. Geeker, Judge - Case No. 172009CF003249XXXCXX

Eric C. Pinkard of Creed and Pinkard, Tampa, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, and Lisa A. Hopkins, Assistant Attorney General, Tallahassee, Florida,

    for Appellee