# Supreme Court of Florida

———————

No. SC14-583

———————

**ROBERT EUGENE HENDRIX,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[April 10, 2014]

PER CURIAM.

Robert Eugene Hendrix, a prisoner under sentence of death, appeals an order from the Fifth Judicial Circuit denying his successive postconviction motion filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons that follow, we affirm the circuit court's order.

## I. Background

Hendrix is scheduled for execution on April 23, 2014, for the murders of Elmer and Michelle Scott. "He was convicted of two counts of premeditated first-

degree murder, two counts of conspiracy to commit murder, and one count of armed burglary." Hendrix v. State, 637 So. 2d 916, 918 (Fla.), cert. denied, 513 U.S. 1004 (1994). In 1990, Hendrix planned to kill his cousin, Elmer, to prevent him from testifying against Hendrix. On August 27, 1990, Hendrix drove to the Scotts' home, shot Elmer in the head, and slit his throat after hitting him over the head with the butt of a gun. He slashed Michelle's throat. Id.

This Court upheld the convictions and death sentences on direct appeal, but reversed the second conspiracy charge and vacated the accompanying thirty-year sentence. Id. at 921. In 2005, this Court upheld the denial of postconviction relief and denied habeas relief. Hendrix v. State, 908 So. 2d 412 (Fla. 2005). Hendrix filed his current successive postconviction motion after Governor Rick Scott signed a death warrant on March 19, 2014.

## II. Analysis

In these proceedings, Hendrix claims that his trial was fraught with substantive and procedural errors that denied him a fair and impartial trial and that the circuit court erred in limiting his ability to file additional successive motions. Because we find these claims are procedurally barred and without merit, respectively, we affirm the comprehensive order of the circuit court denying relief on all claims.

### A. Biased Judge

Hendrix first argues that the judge who presided over his trial was biased. Hendrix filed a motion to disqualify Judge Lockett, which was denied. On direct appeal, we affirmed the ruling, finding that Hendrix never alleged that the judge was biased, never pointed "to a single instance in the entire proceedings wherein the judge displayed partiality," and only claimed an appearance of conflict of interest. Hendrix, 637 So. 2d at 919. We found that the record failed "to show that an improper interest of any kind—or appearance of such interest—was present." Id. at 920. A successive postconviction motion may not be used to relitigate a claim that has been raised and rejected on direct appeal.[1] See Pardo v. State, 108 So. 3d 558, 567 (Fla.), cert. denied, 133 S.Ct. 815 (2012). Accordingly, the circuit court properly found this claim to be procedurally barred.

## B. Ineffective Assistance of Counsel

Secondly, Hendrix alleges that counsel was ineffective for failing to investigate and present mitigation. Specifically, Hendrix alleges that counsel failed to present evidence from: (a) family members and friends who would have testified regarding Hendrix's history of drug abuse, (b) family members regarding Hendrix's father's violent temper, and (c) expert witnesses to establish Hendrix's

---

1. Hendrix also raised this issue in his postconviction motion, arguing that newly discovered evidence demonstrated that he was denied a neutral and impartial judge. We summarily disposed of the claim because it was not properly preserved. Hendrix, 908 So. 2d at 419.

mental health problems. Each of these claims has been previously raised and rejected. See Hendrix, 908 So. 2d at 420-23. Specifically, we stated that counsel's strategic decision not to present this evidence could not be considered ineffective "particularly in light of the other evidence which showed that Hendrix was quite capable of reasoning." Hendrix, 908 So. 2d at 423. Claims raised and rejected in prior postconviction proceedings are procedurally barred from being relitigated in a successive motion. See Van Poyck v. State, 116 So. 3d 347, 362 (Fla.), cert. denied, 133 S.Ct. 2823 (2013). Accordingly, the circuit court properly found these claims procedurally barred.

## C. **Brady**

Third, Hendrix argues that the State committed a violation of Brady v. Maryland, 373 U.S. 83 (1963), by withholding impeachment evidence regarding confidential informant, Roger LaForce. As with Hendrix's other claims, this claim was addressed previously by this Court. After agreeing with the circuit court that the evidence was indeed impeachment evidence that was improperly withheld, we concluded that Hendrix failed to demonstrate that prejudice occurred. Hendrix, 908 So. 2d at 424-25. Specifically, we stated, "LaForce's prior assistance as a cooperating defendant, which occurred over a year prior to Hendrix's arrest, would have had a minimal impact, if any. The more damaging evidence regarding LaForce, that he heard the confession while in prison and contacted the State

- 4 -

because he was seeking a deal, had already been presented to the jury." Id. at 425. Because this claim represents an attempt to relitigate a prior claim, the circuit court properly found it to be procedurally barred. See Van Poyck, supra.

### D. Ability to File Additional Postconviction Motions

Hendrix argues that the circuit court improperly limited his ability to file successive postconviction motions. This argument is based on the circuit court's March 21, 2014, order stating, "Any and all post conviction motions the Defendant intends to file shall be filed by no later than 12:00 p.m. on Tuesday, March 25, 2014." However, at the case status conference held on March 26, 2014, successor Judge Semento stated, "Well, certainly, Mr. Brody, should you find some evidence and you wish to file a motion, that's up to you. However, at this time I will not modify the order that I previously entered." Furthermore, both at the case status conference and in his initial brief, counsel for Hendrix conceded that he does not presently have a claim to file. Because Hendrix has not presented this Court with any claim of newly discovered evidence that he was prevented from filing, this claim is without merit.

### III. Conclusion

For the reasons expressed above, we affirm the order of the circuit court denying Hendrix's successive postconviction motion. No rehearing will be entertained by the Court, and the mandate shall issue immediately.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

An Appeal from the Circuit Court in and for Lake County,
        Lawrence James Semento, Judge - Case No. 1990-CF-1297

Harry P. Brody, Sarasota, Florida,

        for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Mitchell David Bishop, Assistant Attorney General, Daytona Beach, Florida,

        for Appellee