# Supreme Court of Florida

————

No. SC20-1261

————

**CHADWICK WILLACY,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

April 1, 2021

PER CURIAM.

Chadwick Willacy appeals an order denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851.[1]  We affirm the denial of relief.

Willacy filed a successive postconviction motion claiming that he is entitled to relief under the United States Supreme Court's decision in *Flowers v. Mississippi,* 139 S. Ct. 2228 (2019), based on the prosecutor's peremptory strike of juror Payne for allegedly racial

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

reasons. On August 12, 2020, the postconviction court entered an order denying Willacy's successive postconviction motion. Specifically, the postconviction court found that Willacy's motion was procedurally barred, untimely, and without merit.

We agree with the postconviction court and affirm the denial of relief. Prior challenges to the prosecutor's peremptory strike of juror Payne for allegedly racial reasons were litigated during Willacy's direct appeal and successive postconviction proceedings and resolved against Willacy. *See Hendrix v. State,* 136 So. 3d 1122, 1125 (Fla. 2014) ("Claims raised and rejected in prior postconviction proceedings are procedurally barred from being relitigated in a successive motion."); *Freeman v. State,* 761 So. 2d 1055, 1067 (Fla. 2000) ("This claim was raised on direct appeal; therefore, it is procedurally barred and was properly summarily denied.").

Further, Willacy's successive motion is untimely. *See* Fla. R. Crim. P. 3.851(d)(1) ("Any motion to vacate judgment of conviction and sentence of death shall be filed by the defendant within 1 year after the judgment and sentence become final."); Fla. R. Crim. P. 3.851(d)(2) (providing an exception to the one-year time limit for

motions alleging "the fundamental constitutional right asserted was not established within the period provided for in subdivision (d)(1) and has been held to apply retroactively"). *Flowers* did not establish a new constitutional right that has been held to apply retroactively. *Flowers*, 139 S. Ct. at 2235, 2251 ("[W]e break no new legal ground. We simply enforce and reinforce *Batson* [*v. Kentucky*, 476 U.S. 79 (1986)] by applying it to the extraordinary facts of this case.").

Accordingly, Willacy is not entitled to relief based on *Flowers*, and we affirm the postconviction court's denial of Willacy's successive postconviction motion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Brevard County,
      Robin C. Lemonidis, Judge –
      Case No. 051990CF016062AXXXXX

Eric C. Pinkard, Capital Collateral Regional Counsel, Michael Hope, Ann Marie Mirialakis, and Adriana Corso, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

for Appellant

Ashley B. Moody, Attorney General, Tallahassee, Florida, and Lisa-Marie Lerner, Assistant Attorney General, West Palm Beach, Florida,

for Appellee