# Supreme Court of Florida

No. SC21-754

**ETHERIA VERDELL JACKSON,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

January 20, 2022

PER CURIAM.

We have for review Etheria Verdell Jackson's appeal of the circuit court's order summarily denying his successive motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.851.[1]  In that motion, Jackson argues that he is entitled to retroactive application of our decision in *State v. Poole*, 297 So. 3d 487 (Fla. 2020), which receded from *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), except as to the requirement that "a jury must unanimously find the existence of a statutory aggravating

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

circumstance beyond a reasonable doubt." *Poole*, 297 So. 3d at 491.

After carefully reviewing Jackson's arguments, we conclude that he is not entitled to relief. Jackson was convicted of first-degree murder and sentenced to death in accordance with the jury's seven-to-five vote recommendation. *Jackson v. State*, 530 So. 2d 269, 271 (Fla. 1988). His death sentence became final in 1989. *Jackson v. Florida*, 488 U.S. 1050 (1989) (denying petition for certiorari). Because his death sentence was final prior to *Ring v. Arizona*, 536 U.S. 584 (2002), *Poole* does not apply retroactively to him. *See Randolph v. State*, 320 So. 3d 629, 631 (Fla. 2021); *Asay v. State*, 210 So. 3d 1, 22 (Fla. 2016).[2] We also summarily reject Jackson's claims that he is entitled to relief under either the Eighth Amendment or the Fourteenth Amendment.

---

2. We further conclude that Jackson's Sixth Amendment claim is procedurally barred. In his prior successive postconviction motion, Jackson raised essentially the same arguments advanced in his current motion. *See Hendrix v. State*, 136 So. 3d 1122, 1125 (Fla. 2014) ("Claims raised and rejected in prior postconviction proceedings are procedurally barred from being relitigated in a successive motion."); *see also* Fla. R. Crim P. 3.851(e)(2).

Accordingly, because none of Jackson's claims warrant relief, we affirm the challenged order.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Duval County,
    Tatiana R. Salvador, Judge
    Case No. 161985CF012620AXXXMA

Eric Pinkard, Capital Collateral Regional Counsel, Natalia C. Reyna-Pimiento, Julissa R. Fontán, and Heather A. Forgét, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Ashley Moody, Attorney General, and Janine D. Robinson, Assistant Attorney General, Tallahassee, Florida,

    for Appellee