# Supreme Court of Florida

_____

No. SC2025-1320
_____

**DAVID JOSEPH PITTMAN,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

September 10, 2025
**<u>CORRECTED OPINION</u>**

PER CURIAM.

David Joseph Pittman is a prisoner under a sentence of death for whom a warrant has been signed and an execution set for September 17, 2025.  He appeals the circuit court's order summarily denying his successive motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.851 and denying his motion for a stay of execution filed under section 922.07(1), Florida Statutes (2025).[1]  For the reasons that follow, we affirm the

---

1.  We have jurisdiction.  _See_ art. V, § 3(b)(1), Fla. Const.

circuit court's order and deny Pittman's motion for stay of execution.

## I

In 1990, Pittman was going through a contentious divorce with his former wife, Marie. *Pittman v. State* (*Pittman I*), 646 So. 2d 167, 168 (Fla. 1994).[2] Pittman had made several threats against Marie and her family. *Id.* He had also recently learned that Marie's sister, Bonnie, was attempting to press criminal charges against him for an alleged rape that happened years earlier. *Id.*

After cutting their phone lines from the outside, Pittman went to the Knowles' home on May 15, 1990. *Id.* at 168, 169 n.2. Pittman was planning to speak with Bonnie about the problems he was having with her family when Bonnie let him into the home. *Id.* at 168. When she refused his sexual advances, Pittman killed her by stabbing her multiple times and slitting her throat to silence her cries for help. *Id.* Pittman then stabbed and killed Marie's mother outside of Bonnie's bedroom and, as Marie's father was attempting to use the phone, stabbed and killed him also. *Id.* After killing

---

2. The full facts of this case are set forth in this Court's opinion on direct appeal. *See Pittman I*, 646 So. 2d 167.

Marie's family, Pittman doused the home and yard with gasoline, burned the home down, and stole Bonnie's car. *Id.* at 168, 169 n.2.

Pittman was indicted on three counts of first-degree murder, two counts of arson, and one count each of burglary and grand theft. A jury ultimately found Pittman guilty of all but burglary. *Id.* at 169. At the conclusion of the penalty phase proceedings, the jury recommend the death penalty for all three murders by a vote of nine to three. *Id.* The trial court sentenced Pittman to death, finding two aggravating circumstances for each murder: (1) a previous conviction of a violent felony, and (2) the heinous, atrocious, or cruel nature of the murders. *Id.* In doing so, the trial court rejected Pittman's mitigating factors of extreme mental and emotional disturbance, concluding that the aggravating factors substantially outweighed the mitigating factors Pittman had proven. *Id.*[3]

---

3. The trial court acknowledged that Pittman put forward expert opinions that his "capacity to conform his conduct to the requirements of the law was substantially impaired" and that he suffered brain damage. *See id.* at 169 n.2. However, the court noted that these expert opinions were the only evidence in the record supporting these mitigating circumstances. *Id.* The court additionally found that Pittman was a "hyperactive personality," "may have suffered physical and sexual abuse as a child," and was

Pittman has since unsuccessfully challenged his convictions

and death sentences in both state and federal court. In 1994, we

affirmed each of Pittman's convictions and sentences on direct

appeal and denied rehearing. *Id.* at 173.[4] The United States

Supreme Court denied Pittman's certiorari petition. *Pittman v.*

*Florida*, 514 U.S. 1119 (1995). Pittman then sought postconviction

relief under Florida Rule of Criminal Procedure 3.850, which the

circuit court denied. We affirmed.[5] *Pittman v. State* (*Pittman II*),

---

an "impulsive person with memory problems and impaired social judgment." *Id.* Ultimately, however, the court determined that these mitigating circumstances were both unrelated to the murders and substantially outweighed by the established aggravating circumstances. *Id.*

4. Pittman's claims on direct appeal were: (1) the trial court erred in allowing evidence of collateral crimes and bad acts; (2) the trial court erred in admitting identification testimony; (3) the trial court erred in excluding hearsay statements of a third party's alleged confession; (4) the trial court failed to hold a presentencing hearing; (5) the trial court rendered a legally insufficient sentencing order; (6) the heinous, atrocious, or cruel aggravating circumstance is unconstitutionally vague; (7) the trial court erred in instructing the jury on the heinous, atrocious, or cruel aggravating circumstance; (8) the trial court erred in failing to find the two statutory mental mitigating circumstances; (9) the trial court erred in failing to find nonstatutory mitigating circumstances; and (10) the death penalty is disproportionate in this case. *Id.* at 170 n.3.

5. Pittman raised the following claims on appeal: (1) the postconviction court erred in denying his *Brady v. Maryland*, 373

90 So. 3d 794, 799 (Fla. 2011).  We also denied Pittman's initial

habeas petition.  *See id.*[6]

U.S. 83 (1963), claim with respect to inmate Carl Hughes; (2) the postconviction court erred in denying his *Brady* claim with respect to inmate David Pounds; (3) the postconviction court erred in denying his *Brady* claim with respect to the handwritten notes of other witness interviews; (4) the postconviction court erred in denying his *Brady* claim with respect to Dennis Waters's identification of the wrecker; (5) the postconviction court erred in denying his *Brady* claim with respect to the letter concerning William Smith; (6) the postconviction court erred in denying relief based on the cumulative effect of all withheld and newly discovered evidence; (7) the postconviction court erred in denying his *Giglio v. United States*, 405 U.S. 150 (1972), claim; (8) the postconviction court erred in denying his guilt phase ineffective assistance of counsel claim; (9) the postconviction court erred in denying his guilt phase newly discovered evidence claim; (10) the postconviction court erred in denying his penalty phase *Brady* claim; (11) the postconviction court erred in denying his penalty phase ineffective assistance of counsel claim; and (12) the postconviction court erred in denying his penalty phase newly discovered evidence claim. *Pittman II*, 90 So. 3d at 803 n.8.

6.  The habeas petition raised the following claims: (1) appellate counsel was ineffective in failing to challenge the sufficiency of the evidence; (2) the Florida Supreme Court erred in affirming the exclusion of certain evidence; (3) the Florida Supreme Court erred in affirming Pittman's convictions and sentences where the State withheld pertinent facts; (4) appellate counsel was ineffective in failing to argue that Pittman's death sentences were based on an improper aggravator; (5) appellate counsel was ineffective in failing to argue that the prosecutor used improper argument in the penalty phase; and (6) appellate counsel was ineffective in failing to argue that the penalty phase jury was misled by improper comments and instructions.  *Id.* at 804 n.9.

Pittman then sought relief in federal court, but the United States District Court for the Middle District of Florida denied his habeas petition and the United States Court of Appeals for the Eleventh Circuit affirmed. *Pittman v. Sec'y, Dep't of Corr.* (*Pittman III*), No. 8:12-cv-1600-T-17EAJ, 2015 WL 736417, at *1 (M.D. Fla. Feb. 20, 2015); *see also id.* at *68 (declining to issue a certificate of appealability); *Pittman v. Sec'y, Fla. Dep't of Corr.* (*Pittman IV*), 871 F.3d 1231, 1254 (11th Cir. 2017). Pittman also unsuccessfully sought certiorari relief in the United States Supreme Court. *Pittman v. Jones*, 586 U.S. 839 (2018).

Most recently, Pittman filed a third amended successive motion for postconviction relief and a Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. *Pittman v. State* (*Pittman V*), 337 So. 3d 776, 776 (Fla. 2022).[7] The amended postconviction motion raised an intellectual disability claim, and the 3.800(a) motion asserted that Pittman's death sentences were illegal because he did not receive an evidentiary hearing on the

---

7. We refer to Pittman's August 24, 2025, motion as his fourth successive motion for postconviction relief.

intellectual disability claim.  *Id.*  The postconviction court denied both motions, and we affirmed.  *Id.* at 777.

On August 15, 2025, Governor DeSantis issued a death warrant for the execution of Pittman.  As a result, Pittman filed a fourth successive motion for postconviction relief and a motion for a stay of execution.  His fourth successive motion raised one claim: that his death sentence is unconstitutional because he is entitled to an evidentiary hearing to show that his execution is constitutionally prohibited due to his intellectual disability.  The postconviction court entered an order summarily denying Pittman's motions.  Pittman timely appeals and filed a motion for a stay of execution.

## II

### A

"Summary denial of a successive postconviction motion is appropriate '[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief.' "  *Bogle v. State*, 322 So. 3d 44, 46 (Fla. 2021) (alteration in original) (quoting Fla. R. Crim. P. 3.851(f)(5)(B)); *see also* Fla. R. Crim. P. 3.851(h)(6).  In reviewing a circuit court's summary denial, "this Court must accept the defendant's allegations as true to the extent that they are

not conclusively refuted by the record." *Tompkins v. State*, 994 So. 2d 1072, 1081 (Fla. 2008) (citing *Rolling v. State*, 944 So. 2d 176, 179 (Fla. 2006)). Still, "[t]he defendant bears the burden to establish a prima facie case based on a legally valid claim; mere conclusory allegations are insufficient." *Franqui v. State*, 59 So. 3d 82, 96 (Fla. 2011) (citing *Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000)). A circuit court's decision whether to grant an evidentiary hearing on a rule 3.851 motion "is tantamount to a pure question of law, subject to de novo review." *Marek v. State*, 8 So. 3d 1123, 1127 (Fla. 2009) (citing *State v. Coney*, 845 So. 2d 120, 137 (Fla. 2003)).

Also relevant here, postconviction claims in capital cases must generally be filed within one year after the judgment and sentence become final. Fla. R. Crim. P. 3.851(d)(1). With certain exceptions, rule 3.851 prohibits both untimely and repetitive claims. Fla. R. Crim. P. 3.851(e)(2); *see also Hendrix v. State*, 136 So. 3d 1122, 1125 (Fla. 2014) ("Claims raised and rejected in prior postconviction proceedings are procedurally barred from being relitigated in a successive motion." (citing *Van Poyck v. State*, 116 So. 3d 347, 362 (Fla. 2013))).

# B

On appeal, Pittman challenges the postconviction court's denial of his intellectual disability claim. His claim relies in large part on retroactive application of *Hall v. Florida*, 572 U.S. 701 (2014), which this Court decided should be applied retroactively in *Walls v. State* (*Walls I*), 213 So. 3d 340, 346 (Fla. 2016). But in *Phillips v. State*, 299 So. 3d 1013 (Fla. 2020), we held that the *Walls I* decision was clearly erroneous and that *Hall* should not be retroactively applied. *Id.* at 1019-21. So, Pittman argues that *Phillips* was wrongly decided.

Like we have before, we decline to revisit *Phillips* and conclude the postconviction court correctly applied it to Pittman's claim. *See Foster v. State*, 395 So. 3d 127, 130 (Fla. 2024) (rejecting invitation to recede from *Phillips*), *cert. denied*, 145 S. Ct. 1939 (2025); *Walls v. State* (*Walls II*), 361 So. 3d 231, 233 (Fla.) (noting we have already rejected arguments to recede from *Phillips* and have instead consistently applied its holding in the postconviction context), *cert. denied*, 144 S. Ct. 174 (2023).

Because *Phillips* governs, Pittman's claim fails for several reasons. First, his claim is untimely, as we already held in

- 9 -

*Pittman V.* *See* 337 So. 3d at 777 (holding Pittman was required to raise his intellectual disability claim no later than 60 days after October 1, 2004).

Second, because Pittman has already raised his intellectual disability claim, it is procedurally barred. *See Hendrix*, 136 So. 3d at 1125 ("Claims raised and rejected in prior postconviction proceedings are procedurally barred from being relitigated in a successive motion." (citing *Van Poyck*, 116 So. 3d at 362)). We equally reject Pittman's argument that procedural bars should not apply to intellectual disability claims. Indeed, we have regularly applied procedural bars to exemption-from-execution claims. *See Dillbeck v. State*, 357 So. 3d 94, 100 (Fla. 2023) (holding that this Court's precedent "flatly refutes Dillbeck's contention that no time limits apply to categorical exemption claims"); *Barwick v. State*, 361 So. 3d 785, 795 (Fla. 2023) (same); *Carroll v. State*, 114 So. 3d 883, 886 (Fla. 2013) (same). And our approach is consistent with the Eleventh Circuit's. *See In Re Bowles*, 935 F.3d 1210 (11th Cir. 2019).[8]

---

8. Because the claim is both untimely and procedurally barred, Pittman is not entitled to an evidentiary hearing. Moreover,

Finally, we reject Pittman's argument that his execution is constitutionally prohibited. To the extent that Pittman presents a due process argument, it fails. "Due process requires that a defendant be given notice and an opportunity to be heard on a matter before it is decided." *Asay v. State*, 210 So. 3d 1, 27 (Fla. 2016) (citing *Huff v. State*, 622 So. 2d 982, 983 (Fla. 1993)). Here, Pittman has received the process due to him and has failed to meet the requisite standards for overcoming summary denial. *See Bates v. State*, No. SC2025-1127, 50 Fla. L. Weekly S223, S224-25, 2025 WL 2319001, at *4-5 (Fla. Aug. 12, 2025) (rejecting a death row defendant's request for due process relief to further demonstrate his mental state at the time of his offense because it was time-barred), *cert. denied*, No. 25-5370, 2025 WL 2396797 (U.S. Aug. 19, 2025).

Likewise, this Court's decision to adhere to *Phillips* does not result in an arbitrary and capricious application of the death penalty. We recently rejected a similar Eighth Amendment challenge, noting that developments in the case law did not alter our previously held position that Florida's death penalty scheme is

---

this Court will not subvert its role as an appellate court and make a factual finding about Pittman's intellectual capabilities.

constitutionally sound. *See Miller v. State*, 379 So. 3d 1109, 1127 (Fla.) (rejecting argument that *Lawrence v. State*, 308 So. 3d 544 (Fla. 2020), and *Bush v. State*, 295 So. 3d 179 (Fla. 2020), result in arbitrary application of death penalty), *cert. denied*, 145 S. Ct. 241 (2024). Our decision in *Phillips*, which correctly applies our established retroactivity test, also does not alter that analysis.

## C

Because Pittman is not entitled to relief, we deny his motion for a stay of execution. *See Dillbeck*, 357 So. 3d at 103 ("[A] stay of execution on a successive motion for postconviction relief is warranted only where there are substantial grounds upon which relief might be granted." (quoting *Davis v. State*, 142 So. 3d 867, 873-74 (Fla. 2014))).

## III

We affirm the summary denial of Pittman's fourth successive motion for postconviction relief. We also deny his motion for stay of execution. No oral argument is necessary, and no motion for rehearing will be considered by this Court. The mandate shall issue immediately.

It is so ordered.

MUÑIZ, C.J., and COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., dissents with an opinion.
CANADY, J., recused.

LABARGA, J., dissenting.

In *Pittman v. State* (*Pittman V*), 337 So. 3d 776, 777 (Fla. 2022), I dissented to the majority's decision affirming the summary denial of Pittman's intellectual disability claim. The majority's affirmance was based on its conclusion in *Phillips v. State*, 299 So. 3d 1013 (Fla. 2020) (receding from *Walls v. State*, 213 So. 3d 340 (Fla. 2016), and holding that *Hall v. Florida*, 572 U.S. 701 (2014), does not apply retroactively).

I dissented in *Phillips* in light of my concern that the decision "potentially deprives certain individuals of consideration of their intellectual disability claims, and it results in an inconsistent handling of these cases among similarly situated individuals." 299 So. 3d at 1026 (Labarga, J., dissenting).

In this death warrant case, Pittman yet maintains that he is intellectually disabled, and he urges this Court to allow him "the opportunity to present a full and complete picture of his intellectual disability." Because I continue to adhere to my dissent in *Phillips*, I

dissent to today's decision affirming the summary denial of

Pittman's fourth successive motion for postconviction relief.

An Appeal from the Circuit Court in and for Polk County,
    Jon K. Abdoney, Judge – Case No. 531990CF002242A1XXXX

Eric Pinkard, Capital Collateral Regional Counsel, Julissa R.
Fontán, Assistant Capital Collateral Regional Counsel, Megan
Montagno, Assistant Capital Collateral Regional Counsel, and John
"Jack" LoBianco, Assistant Capital Collateral Regional Counsel,
Middle Region, Temple Terrace, Florida,

    for Appellant

James Uthmeier, Attorney General, Tallahassee, Florida, Timothy A.
Freeland, Special Counsel, Assistant Attorney General, and Michael
W. Mervine, Special Counsel, Assistant Attorney General, Tampa,
Florida,

    for Appellee